# CARROLL,

## JULY TERM, A. D. 1844.

## MOULTON *vs.* LIBBEY.

The defendant, having an interest in a quantity of logs at the plaintiff's mill, in the years 1840 and 1841 requested the plaintiff to saw them, and promised to pay him therefor, and the plaintiff sawed a part of them. In the year 1842 the defendant requested him to saw the remainder, which he did. The plaintiff brought an action for his compensation for the sawing in 1840 and 1841, and a judgment was rendered therein. He then brought an action to recover the price of the sawing in 1842.—*Held*, that although the logs concerning which both suits were brought might be a part of the same quantity, and although the same promise or contract was relied on by the plaintiff in each case, and its existence negatived by the jury in the first suit, yet that the judgment in the first suit was not evidence either in bar of the second suit, or to be weighed by the jury with the other evidence.

ASSUMPSIT, for sawing lumber in the spring of 1842. Plea, the general issue.

It appeared in evidence that John Peavey, in the year 1839, owned a quantity of logs at the plaintiff's mill, some of which were sawed that year upon his account. On the seventh day of December, 1839, he mortgaged the logs to the defendant, and two other persons, and the plaintiff introduced evidence tending to show that the defendant, on the 22d day of February, 1840, and on other days in that year, and in the spring of 1841, requested him to saw the logs, and promised to pay him therefor; that in consequence of this he sawed part of the logs in 1840 and 1841; and that in the spring of 1842 the defendant desired him to saw the remainder of the logs, which he did. The action was brought to recover the price of the sawing in 1842.

The defendant proposed to offer in evidence a judgment recovered in a former action between these parties on the first day of this term, founded on an account in favor of the plaintiff for

Moulton v. Libbey.

sawing logs in 1840 and 1841, which action was commenced on the 27th day of September, 1841, and to show that the logs, the sawing of which was the subject matter of that suit, were part of the Peavey logs mortgaged to the defendant; that the same promise or contract was relied on in that case as in this, with the exception of what is stated to have accrued since that suit was commenced; and to show that the jury passed upon the question whether such a contract was made in that case, and found it was not.

The defendant proposed to offer this evidence, firstly, as a bar to the suit, or to any finding by the jury in this case founded on any evidence of a promise anterior to that suit; and secondly, as evidence to be weighed by the jury along with the rest of the evidence in the case.

The court rejected the evidence, and the jury having found a verdict for the plaintiff, the defendant moved for a new trial.

*Sawyer & Hobbs*, and *Lyford*, for the plaintiff.

*Hale*, and *J. Eastman*, for the defendant.

GILCHRIST, J. The first action was founded upon an account for sawing logs in the years 1840 and 1841, and was commenced in the month of September, 1841. The present suit is brought to recover the price of sawing logs in 1842. The judgment offered in evidence by the defendant is conclusive evidence that the plaintiff recovered the price of sawing the logs in 1840 and 1841, but is not of itself evidence that the plaintiff recovered the price of sawing logs in 1842. That the logs now in question were part of the Peavey logs, that the same promise was relied on by the plaintiff in the former suit as in the present one, and that the jury found that no such promise was made, are facts which the defendant now proposes to introduce evidence to prove.

In the lucid and discriminating judgment delivered by the chief justice in the case of *King* vs. *Chase*, [*supra* 9,] the principle upon which evidence of this kind is received or rejected, and upon which a former judgment between the parties is admis-

sible, is clearly stated. It was there held that a verdict and judgment cannot be used as evidence to the jury merely to influence their opinion because another jury had in a former action decided in a particular manner, and thus to induce them to find the fact as the first jury found it; that if, from the general nature of the pleadings, the matter in issue and which is tried in the case does not appear upon the record, it may be shown by extrinsic evidence; that the judgment is conclusive only upon the matter which was directly in issue upon the former trial; that by " the matter in issue" is to be understood that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings; and that facts offered in evidence to establish the matter which is in issue are not themselves in issue within the meaning of the rule, although they may be controverted on the trial.

The case of *King* vs. *Chase* was an action of trespass, for taking and carrying away, with other property, a quantity of oats which were mortgaged to the plaintiff, and attached by a deputy of the defendant as the property of the mortgager. The defendant gave in evidence the record of an action of trover, in which the plaintiff had sued the deputy for taking the oats described in the mortgage, and in which there was a verdict and judgment for the defendant. He then offered parol evidence, that at the trial of the action the only question submitted to and determined by the jury was, whether the mortgage in question were fraudulent, and that it was so found by the jury. But it was held that the only matter in issue was the title to the oats and the conversion by the defendant, and that the question whether the mortgage was fraudulent came up only incidentally, by reason of the plaintiff's relying on that as his title.

In the present case the only matter in issue was the price of sawing the logs in 1842. Whether the plaintiff relied on the same evidence in the former suit as in this, was entirely immaterial. All that evidence might be disproved, and yet the plaintiff might be entitled to recover. The question whether the same promise was made in each suit came up only incidentally, because the plaintiff relied on evidence of that promise to prove his case.

Moulton *v.* Libbey.

The promise was not the matter in issue, and proof of it was only evidence to establish the matter really in issue. The former judgment is not therefore conclusive.

But the defendant contends that it is evidence to be weighed by the jury. But its introduction cannot be supported on principle, as is said in *King* vs. *Chase.* The jury are to return their verdict upon the facts as they are proved before them, and not upon the belief of another jury as to the facts. This point we consider settled in this State, and it is unnecessary to investigate it farther.

*Judgment on the verdict.*